**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SOPHONIE MOMPOINT,**

**Plaintiff,**

**v.** **Case No. 8:16-cv-54-T-30JSS**

**COCA-COLA REFRESHMENTS USA, INC. and WAL-MART STORES, INC.,**

**Defendants.**
**_______________________________________/**

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 4) and Defendant Coca-Cola Refreshments USA, Inc.'s Response in Opposition (Dkt. 8). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Sophonie Mompoint originally filed this personal injury action in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Mompoint alleges that she slipped and fell on the floor while in a Wal-Mart checkout line due to leakage from a faulty Coca-Cola cooler beverage machine. Defendant Coca-Cola removed the action to this Court within thirty days of its receipt of Plaintiff's Verified Answers to Wal-Mart Stores, Inc.'s First Set of Interrogatories ("Verified Answers"). Specifically, Coca-Cola was served with the lawsuit on October 28, 2015, and received a copy of the Verified Answers

on December 11, 2015. Coca-Cola removed the case on January 8, 2016, on the basis of diversity jurisdiction.

Coca-Cola's removal relies upon the Verified Answers as an "other paper" that establishes the amount in controversy. Mompoint now moves to remand the action. Mompoint does not contest the timeliness of the removal. Nor does she contest diversity of citizenship or raise any other basis for removal. Mompoint argues that remand is appropriate only because Coca-Cola has not met its burden of establishing, by a preponderance of the evidence, an amount in controversy in excess of $75,000.

## **DISCUSSION**

### I.  **Legal Standard**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute whether complete diversity of citizenship exists. When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

Notably, when a defendant removes under the second paragraph of 28 U.S.C. § 1446(b) (now found at 28 U.S.C. § 1446(b)(3)), which is what Coca-Cola did in this case, *Lowery* applies to establish the defendant's burden. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Since *Pretka*, the Eleventh Circuit has repeatedly and clearly applied this distinction in the removal standards based upon the timing of the removal. *See Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); *Roe*, 613 F.3d at 1061 nn.3-4. In *Lowery,* the court held that the removal analysis depends on "whether the pleadings or 'other paper' included with the notice of removal provide an unambiguous statement that clearly establishes federal jurisdiction." *Lowery*, 483 F.3d at 1218.

## II. Analysis

In her Verified Answers, the "other paper" Coca-Cola relied upon to establish removal, Mompoint listed thirty-one permanent and ongoing injuries related to the alleged slip and fall including an 8% impairment rating, fetal demise, threatened abortion, and permanent injuries to her neck, upper back, mid back, lower back, fingers, wrist, elbow, forearm, hip, shoulder, and thigh. In addition to this lengthy list of injuries, Coca-Cola points to other evidence establishing the amount in controversy. Coca-Cola relies on documentation showing that Mompoint's past medical expenses are approximately $18,000, and future medical damages associated with chiropractic treatment and rehabilitation are in the approximate amount of $150,000. Coca-Cola also points to evidence of damages associated with Mompoint's lost wages and loss earning capacity in the approximate amount of

$70,000.[1] And Coca-Cola relies on a $500,000 pre-suit demand. The totality of this clear and unambiguous evidence is sufficient to establish, by a preponderance of the evidence, that the amount in controversy is greater than $75,000.[2]

Notably, Mompoint does not rely on any evidence that establishes an amount in controversy that is less than the jurisdictional amount. She also does not direct the Court to any evidence that calls into question Coca-Cola's calculations of her damages.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 4) is denied.

**DONE** and **ORDERED** in Tampa, Florida on February 1, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2016\16-cv-54.mtremand-4-deny-second paragraph.wpd

---

[1] Mompoint claims that she is unable to return to work after the accident due to her injuries.

[2] Mompoint also seeks damages associated with pain and suffering, humiliation, embarrassment, and loss of the capacity for the enjoyment of life.